JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
RYAN WATERS (Cal. Bar No. 268015)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3111
    Facsimile:  (213) 894-6269
    E-mail:  Ryan.Waters@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR 24-00471-MWF-7 |
|---|---|
| Plaintiff, | |
| v. | STIPULATION FOR ORDER AUTHORIZING INTERLOCUTORY SALE OF REAL PROPERTY AND SUBSTITUTION OF RES |
| FEDERICO JORGE TRIEBEL IV, | |
| Defendant. | |

    It is hereby stipulated by and between the United States of America (the "government"), The Valley Ranch Family Living Trust, dated March 20, 2023 (the "Titleholder"), Federico Jorge Triebel IV (the "Defendant" and Trustee of the Titleholder), and Val-Chris Investments, Inc. (the "Lender"), by and through their attorneys or representatives, as follows:

    1.    The parties hereto desire to sell the real property located at 16515 Valley

1 Ranch Rd, Canyon Country, California with Assessor Parcel Number 2841-023-075 (the
2 "subject real property"), described more particularly in Exhibit "A," for fair market
3 value, and agree that the net proceeds of the sale, if any, be substituted for the subject
4 real property as a substitute *res* in this action.  The subject real property is a property
5 named in the forfeiture allegations set forth in the Indictment.

6     2. Pursuant to Rule G(7)(b)(iii) of the Supplemental Rules for Admiralty or
7 Maritime Claims and Asset Forfeiture Claims, the parties agree that the procedures set
8 forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under
9 court control) are not likely to yield the highest price for the property, and instead
10 recommend that the court enter the proposed order (the "Order") concurrently lodged
11 with this stipulation ordering interlocutory sale according to the terms described herein.

12     3. The subject real property is titled in the name of The Valley Ranch Family
13 Living Trust, dated March 20, 2023. The trustee of The Valley Ranch Family Living
14 Trust, dated March 20, 2023 is Defendant Federico Jorge Triebel IV.  Other than the
15 government's *lis pendens*, there are two liens recorded against the subject real property.
16 Val-Chris Investments, Inc., as assignee or beneficiary, holds a secured interest in the
17 subject real property, evidenced by a deed of trust recorded as Instrument No.
18 20211878928 on or about December 17, 2021, and a deed of trust recorded as Instrument
19 No. 20211878929 on or about December 17, 2021.  As evidenced by a deed of trust
20 recorded as Instrument No. 20211878931 on or about December 17, 2021, Val-Chris
21 Investments, Inc. acts a loan servicer as to its secured interest for private investors.

22     4. The parties agree that upon entry of this order, the government, to include
23 the United States Marshals Service ("USMS"), shall be authorized to take exclusive
24 custody, possession, and control of the subject real property for the purpose of preparing
25 and marketing the property for sale.  Such possession shall permit the government to
26 exclude from tenancy/occupancy any and all persons, including, without limitation, all
27 owners and claimants to the subject real property.  Within 7 days of the entry of this
28 order, no person shall be permitted on the subject real property without prior written

permission from the United States Attorney's Office for the Central District of California (the "USAO") or an authorized agent approved by the USAO.

5. After taking custody, possession, and control of the subject real property, the government shall cause the subject real property to be sold at the highest available reasonable price. Within 30 days of taking such custody, possession, and control, the government shall undertake to list for sale to the public the subject real property with the Multiple Listing Service, and/or any other similar form, and shall attempt to procure a ready, willing, and able buyer. The listing agent(s) for the subject real property shall be a licensed real estate broker with experience selling properties in the area where the subject real property is located.

6. The subject real property shall be listed for sale at no lower than $2,400,000 for the first 90 days after initial listing. For the first 90 days after initial listing, Lender must approve any contract for sale of the subject real property under $2,400,000. For 91 to 180 days after initial listing, Lender must approve any contract for sale of the subject property under 2,450,000. For more than 180 days after initial listing, Lender must approve any contract for sale of the subject property under $2,600,000.

7. Titleholder agrees to complete all forms necessary to permit the government to enter into and to complete escrow and sale of the subject real property. Such completed forms may include granting to an appropriate government agent a limited power of attorney for such purpose.

8. Not later than three days prior to the anticipated close of escrow, the government shall deliver to the escrow agent a conditional withdrawal of its *lis pendens* recorded against the subject real property. The conditional withdrawal shall be recorded only if the terms of this agreement have been completely satisfied.

9. The proceeds of the sale of the subject real property shall be distributed as follows:

   a. First, payment of all outstanding real property taxes to the Los Angeles County Treasurer and Tax Collector to the date of closing of escrow;

        b.      Second, payment of all costs and expenses of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the subject real property;

        c.      Third, to the extent funds remain, payment to any secured lienholder, namely Val-Chris Investments, Inc. as loan servicer to private lender investors;

        d.      Fourth, to the extent funds remain, payment to the government for any expenses related to the preparation for sale and sale of the subject real property;

        e.      Fifth, to the extent funds remain (the "net proceeds"), the parties agree that the net proceeds shall constitute the substitute *res* in place of the subject real property. The net proceeds shall be wired from escrow directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this criminal forfeiture case. The government shall provide wiring instructions directly to the escrow company handling the sale of the subject real property. Upon delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute *res* by filing a notice with the Court.

10.     Notwithstanding anything set forth above, should the government at any time decide that it will not be able to generate sufficient funds from the sale of the subject real property that will result in a payment to the government under paragraph 9e above that would serve as the substitute res in place of the subject real property in this action, then the government may elect, by written notification via email or otherwise to counsel for Titleholders and Lender, to discontinue its efforts to sell the subject real property and instruct Lender to instead sell the subject real property. Should the government provide such notification, then paragraphs 11 through 14 below (applicable to Lender selling the subject real property) rather than paragraphs 4 through 9 above (applicable to the government selling the subject real property) shall apply.

11.     Lender is authorized to sell the subject real property in a commercially reasonable manner. In order to do so, Lender shall undertake to list the subject real

property with the Multiple Listing Service and/or take other commercially reasonable steps to market the subject real property to the public, and attempt to procure a ready, willing and able buyer for the subject real property. The listing agent(s) shall be a licensed real estate broker with experience selling properties in the area where the subject real property is located.

12. Titleholder shall complete all documents necessary to permit Lender to enter into and complete escrow and the sale of the subject real property, and such documents may include, but not be limited to, granting Lender a limited power of attorney for the purpose of permitting Lender to enter into and complete escrow and the sale of the subject real property.

13. Prior to the close of escrow, the government shall deliver to escrow a conditional withdrawal of lis pendens with respect to the subject real property. The conditional withdrawal of lis pendens shall not be recorded unless all the terms of this Order have been completely satisfied.

14. The proceeds of the sale of the Subject Real Property shall be distributed, to the extent sufficient funds are available, in the following priority:

   a. First, payment of all outstanding real property taxes to the Los Angeles County Treasurer and Tax Collector to the date of closing of escrow;

   b. Second, payment of all costs and expenses of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the subject real property;

   c. Third, to the extent funds remain, payment to any secured lienholder, namely Val-Chris Investments, Inc. as loan servicer to private lender investors;

   d. Fourth, to the extent funds remain, payment to the government for any expenses related to the preparation for sale and sale of the subject real property;

   e. Fifth, to the extent funds remain (the "net proceeds"), the parties agree that the net proceeds shall constitute the substitute *res* in place of the subject real property. The net proceeds shall be wired from escrow directly to an interest-bearing

account to be designated by the government, where such funds shall be held pending resolution of this criminal forfeiture case. The government shall provide wiring instructions directly to the escrow company handling the sale of the subject real property. Upon delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute *res* by filing a notice with the Court.

15. The parties to this Stipulation agree to execute any and all documents necessary to consummate the sale of the subject real property, to convey clear title of the subject real property to the buyer, and to further implement the terms of the Order for Interlocutory Sale.

16. The Court shall retain jurisdiction over the subject real property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the subject real property.

SO STIPULATED.

Dated: March 10, 2025

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

*/s/ Ryan Waters*
RYAN WATERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: March __, 2025

[See attached signature page]
SETH MICHAEL FRIEDMAN, ESQ.

Attorney for FEDERICO JORGE TRIEBEL IV

Defendant

Dated: March __, 2025

[See attached signature page]
FEDERICO JORGE TRIEBEL IV

Trustee on behalf of The Valley Ranch Family Living Trust, dated March 20, 2023

Titleholder

Dated: March __, 2025

[See attached signature page]
_____
CHRIS L. BOUTLER

Chief Executive Investor
Val-Chris Investments, Inc. on behalf of private lender investors

Lender

Dated: March 7, 2025

_____
SETH MICHAEL FRIEDMAN, ESQ.

Attorney for FEDERICO JORGE TRIEBEL IV

Defendant

Dated: March 7, 2025

_____
FEDERICO JORGE TRIEBEL IV

Trustee on behalf of The Valley Ranch Family Living Trust, dated March 20, 2023

Titleholder

1 | Dated: March 6, 2025

_____
CHRIS L. BOUTLER
LT

Chief Executive Investor
Val-Chris Investments, Inc. on behalf of
private lender investors

Lender

# EXHIBIT A

For APN/Parcel ID(s): 2841-023-075

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SANTA CLARITA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 4 OF TRACT 34464, IN THE CITY OF SANTA CLARITA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 986, PAGE(S) 63 THROUGH 70 INCLUSIVE OF MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

A NON EXCLUSIVE EASEMENT OVER THOSE AREAS DESIGNATED AS "PRIVATE AND FUTURE STREETS" OF LOTS 1 THROUGH 21 OF TRACT NO. 34464, IN THE COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 986, PAGES 63 TO 70 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 3:

A NON-EXCLUSIVE EASEMENT FOR ROAD AND UTILITY PURPOSES, INCLUDING BUT NOT LIMITED TO THE RIGHT TO CONSTRUCT AND MAINTAIN ROADS AND THE LAYING, CONSTRUCTING AND MAINTAINING OF WATER, SEWER, DRAIN AND GAS PIPES, TELEPHONE AND POWER LINES AND POLES, AND CONDUIT FOR ANY OTHER PUBLIC UTILITY, WITH THE RIGHT TO GRANT TO OTHERS THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 23, TOWNSHIP 4 NORTH, RANGE 15 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID NORTHEAST QUARTER; THENCE ALONG THE WESTERLY LINE OF SAID NORTHEAST QUARTER, NORTH 0° 39' 46" EAST 32.00 FEET; THENCE PARALLEL WITH SOUTHERLY LINE OF SAID NORTHEAST QUARTER, NORTH 89' 51' 34' EAST 217.72 FEET

1  TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY
2  HAVING A RADIUS OF 468.00 FEET; THENCE NORTHEASTERLY ALONG SAID
   CURVE THROUGH A CENTRAL ANGLE OF 25° 02' 39' AN ARC DISTANCE OF
3  204.56 FEET; THENCE TANGENT TO SAID CURVE, NORTH 64° 48' 56" EAST
4  18.21 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE
   NORTHWESTERLY HAVING A RADIUS OF 13.00 FEET; THENCE
5  NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF
6  76° 01' 45" AN ARC DISTANCE OF 17.25 FEET TO THE SOUTHWESTERLY LINE
   OF SAND CANYON ROAD, 40.00 FEET WIDE, AS DESCRIBED IN THE DEED TO
7  THE COUNTY OF LOS ANGELES, RECORDED MARCH 21, 1924, AS
8  INSTRUMENT NO. 1401, IN BOOK 3096 PAGE 163, OFFICIAL RECORDS, IN
   THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; THENCE
9  ALONG SAID SANO CANYON ROAD, SOUTH 11° 12' 49" EAST 13.3 0 FEET
10 AND SOUTHEASTERLY ALONG A TANGENT CURVE CONCAVE
   NORTHEASTERLY HAVING A RADIUS OF 120.00 FEET THROUGH A
11 CENTRAL ANGLE OF 33° 44' 15" AN ARC DISTANCE OF 70.86 FEET TO A
12 POINT; THENCE LEAVING SAID SAND CANYON ROAD, WESTERLY ALONG
   A CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 13.00 FEET (A
13 RADIAL LINE OF SAID CURVE TO SAID LAST MENTIONED POINT BEARS
14 SOUTH 45° 02' 56" EAST) THROUGH A CENTRAL ANGLE OF 70° 14' 00" WEST
   18.90 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE
15 NORTHWESTERLY HAVING A RADIUS OF 632.00 FEET; THENCE
16 SOUTHWESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF
   25° 02' 39" AN ARC DISTANCE OF 232.54 FEET; THENCE SOUTH 89° 51' 34"
17 WEST 218.62 FEET TO THE WESTERLY LINE OF SAID SOUTHEAST QUARTER;
18 THENCE ALONG SAID WESTERLY LINE, NORTH 0° 39' 46" EAST 32.00 FEET
   TO THE POINT OF BEGINNING.